47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Jay WHALEN, Plaintiff-Appellant,
v.
Larry ALVEY, Detective/St. Matthews Police Department;
Officer Compton, (first name unknown), Jefferson County Jail
Corrections Officer; John Doe, an agent of Corrections,
officer-in-charge of the 7 a.m. to 3 p.m. shift at Jefferson
County Jail; St. Matthews Police Department; Jefferson
County Jail, Defendants-Appellees.
 No. 94-5690.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1995.
 
 Before: CONTIE, RYAN and SILER, Circuit Judges.
 
 ORDER
 
 1
 John Jay Whalen, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Whalen sued the Saint Matthews (Kentucky) Police Department, police and corrections officers and the Jefferson County (Kentucky) Jail. Whalen sued the defendants in their individual and official capacities. Whalen alleged that on August 1, 1992, he was arrested and charged with rape. On August 3, 1992, physical specimens were taken from him and he alleged that he was told by the defendants that he would be beaten if he did not voluntarily submit to the taking of the specimens. After a March 4, 1993, jury trial, Whalen was acquitted. Whalen did not tender his Sec. 1983 complaint for filing until February 16, 1994.
 
 
 3
 The district court dismissed Whalen's Sec. 1983 lawsuit pursuant to 28 U.S.C. Sec. 1915(d), finding that the suit was barred by the one-year statute of limitations set forth in Ky.Rev.Stat. Sec. 413.140(1)(a). On appeal, Whalen argues that his Sec. 1983 lawsuit was not barred by the one-year statute of limitations, but that the suit is subject to a five-year statute of limitations for emotional distress pursuant to Ky.Rev.Stat. Sec. 413.120(7) and Craft v. Rice, 671 S.W.2d 247 (Ky.1984). Whalen requests oral argument.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Whalen's Sec. 1983 lawsuit. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint may be dismissed as frivolous under Sec. 1915(d) only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 5
 In Kentucky, the one-year statute of limitations set forth in Ky.Rev.Stat. Sec. 413.140(1)(a) is the limitations period applicable to civil rights actions arising in Kentucky. See Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir.1990). Whalen's personal injury cause of action accrued on August 3, 1992, and he did not tender his complaint for filing until February 16, 1994. Whalen's suit is time-barred, as it was not filed within the one-year statutory time period.
 
 
 6
 Accordingly, we deny Whalen's request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.